IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL BERLOWITZ, | ) | |
| | ) | |
| Plaintiff, | ) | 4:11CV3073 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| CITY OF SEWARD, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

IT IS ORDERED:

1. A settlement conference will be held before the undersigned magistrate judge with counsel and representatives of the parties on **January 6, 2012**, beginning at 9:00 a.m. in chambers, 566 Federal Building and United States Courthouse, 100 Centennial Mall North, Lincoln, Nebraska. The parties' representatives and/or counsel shall be prepared to participate and negotiate a settlement of this case during the conference in accordance herewith.

2. Unless excused by order of the court, clients or client representatives with complete authority to negotiate and consummate a settlement shall be in attendance at the settlement conference. This requires the presence of the client or if a corporate, governmental, or other organizational entity, an authorized representative of the client. The defendant's representative must have the authority to commit the defendant to pay, in the representative's own discretion, the amount needed to settle the case; the plaintiff's representative must have the authority, in the representative's own discretion, to authorize dismissal of the case with prejudice, or to accept the amount offered and needed to settle the case. If board approval is required to authorize settlement, the attendance of at least one sitting member of the board (preferably the chairperson) authorized to settle as described above is required. Any insurance company that is a party or is contractually required to defend or to pay damages, if any, assessed within its policy limits in this case must have a fully authorized settlement representative present. Counsel are responsible for timely advising any involved non-party insurance company of the requirements of this order. If trial counsel has been fully authorized to commit the client to pay or to accept in settlement the amount last proposed by the opponent, in counsel's sole discretion, the client, client representative, or insurance company representative, as applicable, need not attend. The purpose of this requirement is to have in attendance a representative who has both the authority to exercise his or her own discretion, and the realistic freedom to exercise such discretion without negative consequences, in order to settle the case during the settlement conference without consulting someone else who is not physically present. In the event counsel for any party is aware of any circumstance which might cast doubt on a client's compliance with this paragraph, s/he shall

      immediately discuss the circumstance with opposing counsel to resolve it before the settlement conference, and, if such discussion does not resolve it, request a telephone conference with the court and counsel.

3. If a party fails to comply with paragraph (2) of this order, the settlement conference will be cancelled and costs, attorney fees, and sanctions may be imposed by the court against the non-complying party, counsel for that party, or both

4. Prior to the settlement conference, counsel shall discuss settlement with their respective clients and insurance representatives, and shall exchange with opposing counsel proposals for settlement so the parameters of settlement have been explored well in advance. If as a result of such discussions, counsel for any party believes that the parties' respective settlement positions are so divergent, or for any other reason, that settlement is not reasonably possible in this matter, he or she shall seek a conference with the undersigned and opposing counsel, by telephone or otherwise, to determine whether the settlement conference should be canceled or postponed. To avoid unnecessary incurring of travel and other expenses if the settlement conference is cancelled or postponed, request for a conference to discuss cancellation or postponement must be made on or before **January 2, 2012.**

5. Counsel shall submit a <u>confidential</u> settlement statement to the undersigned **by email** to zwart@ned.uscourts.gov no later than **January 4, 2012**, setting forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and offers that have been conveyed. Since the undersigned magistrate judge will have no further substantive involvement in this case, this statement should describe candid and confidential interests or positions that in counsel's opinion may be preeminent in negotiating a settlement; copies should **NOT** be served on opposing counsel or parties.

6. Notwithstanding the provisions of Rule 408, <u>Fed. R. Evid.</u>, all statements made by the parties relating to the substance or merits of the case, whether written or oral, made for the first time during the settlement conference shall be deemed to be confidential and shall not be admissible in evidence for <u>any</u> reason in the trial of the case, should the case not settle. This provision does not preclude admissibility in other contexts, such as pertaining to a motion for sanctions regarding the settlement conference.

    December 28, 2011.        BY THE COURT:

                                            s/ *Cheryl R. Zwart*
                                            United States Magistrate Judge